IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32398-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILMER SANTIAGO GUERRERO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Wilmer Guerrero appeals his conviction for driving while license revoked in the first degree. At trial, the State relied on a Department of Licensing (DOL) employee to authenticate Guerrero's driving record abstract, which the trial court admitted as an exhibit. On appeal, Guerrero avers that the DOL employee who testified did not prepare or certify the report himself. Guerrero thus contends the trial court violated his right to confront witnesses against him when it admitted his driving record. Because Guerrero did not object to the DOL employee's testimony at trial on the basis of the confrontation clause and because Guerrero does not show manifest constitutional error, we refuse to reach the contention and affirm Guerrero's conviction. Guerrero does

not show manifest constitutional error because the record is not developed enough to determine whether someone other than the State's witness prepared the abstract.

FACTS

On August 3, 2012, the Washington State Department of Licensing sent Wilmer Guerrero a notice of license revocation by certified mail. The notice informed Guerrero: "On 09/17/2012 at 12:01 a.m. we will revoke your Washington driver license or your ability to get one because your driving record meets the definition of a Habitual Traffic Offender. RCW 46.65." Ex. 10. The notice further provided: "In four years you can request a hearing to determine whether you are eligible to get your license back." Ex. 10.

On October 29, 2013, Wilmer Guerrero purloined soda from a Moses Lake convenient store. Guerrero returned to the store twenty minutes later and stole cases of beer. He chucked the beer into the back of a truck and drove away. Police later found the truck parked on the side of a highway exit ramp and found Guerrero lying on his back on the far side of a concrete barrier. Guerrero refused to turn over onto his stomach. Guerrero stood and reached toward his waistband, at which time an officer pepper sprayed him. Police arrested Guerrero, who yelled and spat at officers.

PROCEDURE

The State of Washington charged Wilmer Guerrero with five crimes: (1) assault in the third degree against a law enforcement officer, (2) driving while license revoked in

the first degree, (3) reckless driving, (4) theft in the third degree, and (5) obstructing a law enforcement officer.

This appeals concerns trial exhibit 3, a document the State contended was Wilmer Guerrero's certified driving record compiled and maintained by DOL. DOL maintains a database of Washington licensed drivers, which base includes traffic violations. Exhibit 3 is labeled as Wilmer Guerrero's "Abstract of Complete Driving Record." The word "CERTIFIED" crosses the exhibit's upper right corner and the document read: "This information is current as of 1/16/2014 3:19:09 PM." Ex. 3 at 1. Trial proceeded on March 5, 2014.

The State called as a witness DOL record custodian Richard Letteer to authenticate Wilmer Guerrero's driving record. Letteer awkwardly explained his role as record custodian: "I do CCDRs, certified copy of drive records. I do abstract of drive records and certified photos and testify on department records." Report of Proceedings (RP) at 182.

Before the introduction of plaintiff's identification 3 as exhibit 3, the State asked Richard Letteer to identify the exhibit. Letteer identified the document as the "abstract of drive record for Wilmer Guerrero." RP at 183. The following colloquy then transpired between the prosecution and Letteer:

> Q. Is that document certified by an authorized Department of Licensing representative?
> A. It is certified, yes.

3

Q. And where is it certified?

A. Up in the upper right-hand corner, it's marked certified.

Q. Now, what is the procedure by which the certified documents are provided by your office to the prosecutor's office?

A. When we get a request from the prosecutor, usually typically we get an e-mail for status on an individual driver, we bring up, go to the database and bring up the records, and then they're e-mailed or faxed back to the prosecutor.

RP at 184. Neither the prosecution nor defense counsel asked Richard Letteer whether he certified the abstract or whether another DOL employee certified the document. The abstract does not name the employee who certified it.

Thereafter the State at trial asked Richard Letteer: "Now, looking at Plaintiff's [E]xhibit 3, are you able to determine the driver's status on October 29th, 2013?" RP at 184. Wilmer Guerrero objected on the grounds of lack of proper foundation and hearsay. The trial court overruled the hearsay objection without argument and, after the State correlated the driving record to Guerrero's driver's license, the court overruled the foundation objection. The lower court thus admitted the abstract of Guerrero's driving record. Guerrero's driver's license was admitted as trial exhibit 9.

Exhibit 3, Wilmer Guerrero's driving record, declares that DOL revoked his license on September 17, 2012 for habitual traffic offenses. Richard Letteer read this declaration to the jury. Letteer defined a habitual traffic offender as a driver with either three mandatory suspensions or twenty moving violations within five years. From the long list of offenses in Guerrero's driving record, Letteer identified three which

4

combined resulted in mandatory suspension. On cross-examination, Letteer admitted that he had reviewed the underlying judgment and sentence for only one of these three moving offenses.

The jury acquitted Wilmer Guerrero of assault of a law enforcement officer. The jury found Guerrero guilty on all other charges. Guerrero appeals only his conviction for driving while license revoked in the first degree.

## LAW AND ANALYSIS

Wilmer Guerrero only assigns error on appeal to the trial court's admission of exhibit 3, the certified copy of his abstract of complete driving record, on the ground that admission violated his Sixth Amendment confrontation clause rights. At trial, Guerrero objected to the exhibit on hearsay and authentication grounds. He did not object on the ground that introduction of the exhibit and use of its contents violated his constitutional right to confront witnesses.

On appeal, the State urges this court to decline to reach Wilmer Guerrero's sole assignment of error because he did not preserve it for appeal. The State contends that Guerrero must have expressly objected to admission of the exhibit on confrontation clause grounds. In short, the State asserts that Guerrero waived the assignment of error. We agree.

RAP 2.5(a) formalizes a fundamental principle of appellate review. The first sentence of the rule reads:

(a) **Errors Raised for First Time on Review.** The appellate court may refuse to review any claim of error which was not raised in the trial court.

No procedural principle is more familiar than that a constitutional right, or a right of any other sort, may be forfeited in criminal cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *Yakus v. United States*, 321 U.S. 414, 444, 64 S. Ct. 660, 88 L. Ed. 834 (1944).

Good sense lies behind the requirement that arguments be first asserted at trial. The prerequisite affords the trial court an opportunity to rule correctly on a matter before it can be presented on appeal. *State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013). There is great potential for abuse when a party does not raise an issue below because a party so situated could simply lie back, not allowing the trial court to avoid the potential prejudice, gamble on the verdict, and then seek a new trial on appeal. *State v. Weber*, 159 Wn.2d 252, 271-72, 149 P.3d 646 (2006); *State v. Emery*, 174 Wn.2d 741, 762, 278 P.3d 653 (2012). The theory of preservation by timely objection also addresses several other concerns. The rule serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate the needless expense of appellate review and further trials, facilitates appellate review by ensuring that a complete record of the issues will be available, and prevents adversarial unfairness by ensuring that the prevailing party is not deprived of victory by claimed errors that he had no opportunity to

6

address. *State v. Strine*, 176 Wn.2d at 749-50 (2013); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

Countervailing policies support allowing an argument to be raised for the first time on appeal. For this reason, RAP 2.5(a) contains a number of exceptions. RAP 2.5(a)(3) allows an appellant to raise for the first time "manifest error affecting a constitutional right," an exception on which a criminal appellant commonly relies. Constitutional errors are treated specially under RAP 2.5(a) because they often result in serious injustice to the accused and may adversely affect public perceptions of the fairness and integrity of judicial proceedings. *State v. Scott*, 110 Wn.2d at 686-87. Prohibiting all constitutional errors from being raised for the first time on appeal would result in unjust imprisonment. 2A KARL B. TEGLAND, WASHINGTON: RULES PRACTICE RAP 2.5, at 218 (7th ed. 2014). On the other hand, "permitting *every possible* constitutional error to be raised for the first time on appeal undermines the trial process, generates unnecessary appeals, creates undesirable retrials and is wasteful of the limited resources of prosecutors, public defenders and courts." *State v. Lynn*, 67 Wn. App. 339, 344, 835 P.2d 251 (1992).

Wilmer Guerrero does not argue on appeal that his hearsay objection also constituted a confrontation clause objection to admission of the driving record abstract. Although a confrontation clause challenge requires the trial court to engage in a hearsay analysis, the former challenge comprises a more lengthy and sophisticated analysis. Even hearsay with an applicable exception becomes inadmissible if its admission violates a

7

defendant's confrontation clause rights precluding testimonial hearsay. *Davis v. Washington*, 547 U.S. 813, 821, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006). The trial court must also determine whether the hearsay is testimonial hearsay, whether the out of court declarant is unavailable to testify, and whether the defendant had a prior opportunity for cross-examination of the declarant. *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004); *State v. Beadle*, 173 Wn.2d 97, 107, 265 P.3d 863 (2011). The trial court lacked an opportunity to address these elements of a confrontation clause challenge and thus denying review of Guerrero's assignment of error serves a primary purpose behind RAP 2.5(a).

ER 103(a)(1) requires an objection to admission of evidence to state "the specific ground of objection, if the specific ground was not apparent from the context." No error can be assigned to an evidentiary ruling where the objection at trial was insufficient to apprise the trial judge of the grounds of objection asserted on appeal. *State v. Maule*, 35 Wn. App. 287, 291, 667 P.2d 96 (1983).

Wilmer Guerrero's confrontation clause assertion implicates a constitutional right so we must determine whether Guerrero's assignment of error raises a manifest constitutional error. The State argues that a defendant may never raise the confrontation clause challenge for the first time on appeal. In other words, the State impliedly maintains that a confrontation clause assignment of error never imparts a manifest constitutional error.

In support of the State's argument, the State cites *State v. Berniard*, 182 Wn. App. 106, 124, 327 P.3d 1290 (2014). At page 124, the *Berniard* court wrote:

> The defendant, however, must timely raise the issue in the trial court. *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 327, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) ("The defendant always has the burden of raising his Confrontation Clause objection.") (emphasis omitted).

Use of *State v. Berniard* and *Melendez-Diaz v. Massachusetts* for supporting the State's position is problematic. The issue of waiving the confrontation clause argument by not asserting it at trial was not directly at issue in either decision. In both cases, the courts addressed the substance of the defendant's confrontation clause challenge. Neither decision analyzed why a confrontation clause argument differs from other constitutional arguments for purposes of determining manifest constitutional error such that a unique rule applies to witness confrontation appeals. Assuming the *Melendez-Diaz* court adopted such a rule, the decision does not render clear whether the rule is a federal procedural rule or one of constitutional tenor to be applied in all states.

We do not decide whether a criminal appellant may ever raise the confrontation clause for the first time on appeal, because we decide the State's waiver argument on another basis. We hold that Wilmer Guerrero's assertion of the confrontation clause in the context of his trial does not present manifest constitutional error.

Washington courts and even decisions internally have announced differing formulations for "manifest error." First, a manifest error is one "truly of constitutional

magnitude." *State v. Scott*, 110 Wn.2d at 688. Second, perhaps perverting the term "manifest," some decisions emphasize prejudice, not obviousness. The defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights. It is this showing of actual prejudice that makes the error "manifest," allowing appellate review. *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009); *Scott*, 110 Wn.2d at 688; *Lynn*, 67 Wn. App. at 346. A third and important formulation for purposes of this appeal is the facts necessary to adjudicate the claimed error must be in the record on appeal. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995); *State v. Riley*, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993).

In *State v. Riley*, Joseph Riley argued that the admission of incriminating statements violated his Fourth Amendment rights because the statements were the fruit of an illegal search of his home. The state high court refused to entertain the argument because the record lacked clarity as to whether Riley uttered the statements before being told the investigating officer possessed a search warrant.

We consider whether the record on appeal is sufficient to review Wilmer Guerrero's confrontation clause assignment of error. Guerrero argues that the trial violated his confrontation clause privilege because Richard Letteer testified to an abstract prepared by someone else. Stated differently, Guerrero contends that Letteer served as the mouthpiece for the DOL employee who prepared and certified the driving abstract. Guerrero also wisely argues that exhibit 3 constitutes testimonial hearsay because the

DOL prepared the abstract for prosecution purposes. The State answers that exhibit 3 was a generic business record and not testimonial hearsay.

Wilmer Guerrero's assignment of error assumes that Richard Letteer did not personally prepare the driving record abstract admitted as exhibit 3. We cannot accept this assumption. The record does not divulge who prepared the document. Richard Letteer could have fashioned the abstract. He testified that his duties on behalf of DOL included preparing such abstracts. On cross-examination, Letteer admitted that he had reviewed the underlying judgment and sentence for only one of the three moving offenses. Letteer's review of one underlying judgment might suggest that he assembled the abstract. His failure to review other underlying judgments may suggest that someone else prepared the document. We do not know and the record does not detail the tasks needed to prepare the abstract in order for us to draw a conclusion either way.

Wilmer Guerrero's failure to object at trial on confrontation clause grounds illustrates the need for a party to timely specify the basis for an objection to an exhibit. A more specific objection from Guerrero would have likely revealed the need to develop the facts needed to intelligently determine whether exhibit 3 violated his constitutional rights. Counsel could have confirmed whether or not Richard Letteer assembled and certified the driving record.

Our refusal to address Wilmer Guerrero's confrontation clause claim may work to his favor. If he files a personal restraint petition, he will have the right to present new

11

evidence answering the question of who certified the driving abstract. *State v. Sandoval*, 171 Wn.2d 163, 168-69, 249 P.3d 1015 (2011); *State v. McFarland*, 127 Wn.2d at 335 (1995).

## CONCLUSION

We refuse to entertain Wilmer Guerrero's assignment of error on appeal. We affirm his conviction for driving with license revoked.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, C.J.

Brown, J.

12